# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394, Plaintiff, vs. BUENOSTROME, Correctional Officer; STEADMAN, R.N.; ASHBURY, Lieutenant, Defendants. | Case No.: 3:17-cv-02345-MMA-JLB **ORDER:** **1) GRANTING MOTION FOR LEAVE TO AMEND** [Doc. No. 9] **2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)** [Doc. No. 2] **AND** **3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

LANCE WILLIAMS ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the civil filing fee required to commence a civil action a the time he filed his original Complaint (Doc. No. 1) on November 18, 2017; instead, he has filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2). On December 11, 2017. Plaintiff also filed an Amended Complaint ("FAC") (Doc. No. 7), together with a Motion seeking Leave to Amend (Doc. No. 9).

## I. Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff filed his Amended Complaint on December 11, 2017, and before the Court had an opportunity to rule on his IFP or conduct the mandatory initial screening of his original Complaint as required by 28 U.S.C. § 1915(e)(2) and § 1915A. Therefore, as this case is still in its infancy, and no Defendant has been served, Plaintiff's Motion for Leave to Amend (Doc. No. 9) is **GRANTED**, but was unnecessary.

Plaintiff's Amended Complaint (Doc. No. 7), is now the operative pleading as it supersedes his original pleading. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[A]n amended complaint supersedes the original complaint and renders it without legal effect."); *Moss v. Infinity Ins. Co.,* 197 F. Supp. 3d 1191, 1204 (N.D. Cal. 2016); S.D. Cal. CivLR 15.1.a ("Every pleading to which amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading.").

## II. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v.*

*Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).
///

Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint." *Id.* at 1053 (citing *United States v. Jackson*, 480 F.3d 1014, 1018-19 (9th Cir. 2007) (noting the use of tenses in statutes generally is significant and "one would not refer in the present tense to something that had already happened" (citing The Dictionary Act, 1 U.S.C. § 1)). "In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.* at 1053.

### III. Discussion

As an initial matter, the Court has carefully reviewed Plaintiff's Amended Complaint, and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' *at the time of filing*." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Plaintiff claims in Counts 1, 2, and 3, that Correctional Officer Buenostrome violated his Eighth and Fourteenth Amendment rights on various occasions while he was housed in RJD's Facility A, Housing Unit 1, between August 31, 2017 and November 9, 2017, by "telling multiple inmates" that he was "gay," a "snitch," and a "rat," "in retaliation" against him "due to settlements in civil actions and appeals" Plaintiff had filed. *See* FAC, Doc. No. 7 at 3-4. Plaintiff does not allege he was ever threatened, attacked or injured by any other inmate as a result of Buenostrome's alleged revelations. However, he further contends Buenostrome "repeatedly searched [his] cell," failed to provide him with cell search receipts, and on one occasion, planted a "a makeshift

weapon" in his cell, but Plaintiff discovered and removed it." *Id.* at 5. Finally, on November 9, 2017, Plaintiff claims Buenrostrome closed a cell door on him while he was attempted to enter his housing unit, and caused "severe injuries" to his groin, back, chest, right hip, and right ankle. *Id.* at 6.

In Count 4, Plaintiff claims that on November 14, 2017, Defendant Steadman, a nurse, "kicked [him] out" of the medical clinic, "without attending to [the] injuries" he sustained as a result of the November 9, 2017 incident, and without completing a medical report on his injuries. *Id.* at 7.

Finally, in Count 5, Plaintiff contends he was interviewed by Defendant Lieutenant Ashbury on November 26, 2017, in relation to the "602 appeal" he had filed against Defendant Buenrostrome. *Id.* at 9. Plaintiff requested that Ashbury not "move [him] to another building or prison," but Ashbury told him he could either move or "go to the hole." *Id.* Plaintiff was moved "the next day" and "against [his] will," to Building 2, where he also claims to "have issues with 2 officers" who "don't like [him]." *Id.* at 10.

Were Plaintiff still housed in Building 1 at the time he filed his FAC on December 11, 2017, and where Defendant Buenostrome is alleged to be assigned, alleged to have revealed Plaintiff's status as a "snitch," and alleged to have planted contraband and to have used excessive force against Plaintiff, the Court would find Plaintiff's allegations sufficient to plausibly show he was subject to an "imminent danger of serious physical injury," either at Buenostrome hands, or at those of his fellow inmates in Building 1. *See Cervantes*, 493 F.3d at 1055-56.

However, to qualify for § 1915(g)'s exception, the danger allegedly faced at filing must be real, proximate, and/or ongoing. *Id.*; *see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non-specific allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11.

///

5

In his FAC, Plaintiff admits he was transferred from Building 1 to Building 2 on November 27, 2017, *see* Doc. No. 7 at 9-10, and his allegations of past danger in Building 1, *see Cervantes*, 493 F.3d at 1053, or of also having "issues" with other unidentified officials in his Building 2 who "don't like" him, *see* Doc. No. 7 at 10, are simply too conclusory to plausibly show how or why he remained in any "imminent danger of serious physical injury" at the time of filing. *Id.* at 1057 n.11 (conclusory claims of imminent danger are insufficient to meet § 1915(g)'s exception); *see also Womack v. Mahoney,* No. 2:15-CV-2517 TLN ACP, 2016 WL 6094445, at *2 (E.D. Cal. Oct. 18, 2016) (denying IFP as precluded by § 1915(g) where prisoner's "original complaint alleged facts that could in theory establish imminent danger," but his superseding amended complaint did not).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court finds that Plaintiff Lance Williams, identified as CDCR #AG-2394, has had at least seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Williams v. Aparicio, et al.*, Civil Case No. 2:14-cv-08640-PA-KK (C.D. Cal., West. Div., Dec. 16, 2014 Report and Recommendation ["R&R"] to dismiss Complaint sua sponte for failing to state a claim as time-barred) (Doc. No. 8)[1]; (Feb. 5, 2015 Order Accepting R&R and dismissing action with prejudice (Doc. No. 9) (strike one);

2) *Williams v. L.A. County, et al.*, Civil Case No. 2:14-cv-08039-PA-KK (C.D. Cal., West. Div., Jan. 7, 2015 Order to Show Cause ["OSC"] Why Action Should not be Dismissed as Untimely) (Doc. No. 11); (March 9, 2015 Notice of Voluntary Dismissal) (Doc. No. 16)[2] (strike two);

3) *Williams v. Allard, et al.,* Civil Case No. 2:15-cv-00037-PA-KK (C.D. Cal., West. Div., March 27, 2015 OSC Why Action Should not be Dismissed as time-barred) (Doc. No. 5); (April 8, 2015 Notice of Voluntary Dismissal) (Doc. No. 6) (strike three);

4) *Williams v. Kerkfoot, et al.,* Civil Case No. 2:14-cv-07583-GW-KK (C.D. Cal., West. Div. Jan. 22, 2015 Final R&Rs re dismissal of action as time-barred) (Doc. No. 18); (May 15, 2015 Order Accepting R&R) (Doc. No. 21) (strike four);

5) *Williams v. Young, et al.*, Civil Case No. 2:14-cv-08037-PA-KK (C.D. Cal., West. Div. May 19, 2015 Memorandum and Order Dismissing Action as Untimely) (Doc. No. 17) (strike five);

6) *Williams v. Winsaver, et al.,* Civil Case No. 2:15-cv-01228-CMK (E.D. Cal. Sept. 30, 2016 Order Dismissing Complaint for failing to state a claim with leave to

---

[1] *See Belanus v. Clark*, 796 F.3d 1021, 1053 (9th Cir. 2007) (dismissals for failure to state a claim because claims were time-barred may be counted as strikes pursuant to 28 U.S.C. § 1915(g)).

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

7

amend pursuant to 28 U.S.C. § 1915A) (Doc. No. 9); (Oct. 11, 2017 Order noting Plaintiff's Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41) (Doc. No. 15) (strike six);[3] and

7) *Williams v. Young, et al.,* Appeal No. 15-55967 (9th Cir., Sept. 18, 2015) (Order) ("We deny appellant's motion to proceed in forma pauperis because we … find the appeal is frivolous.") (Doc. No. 8) (strike seven).[4]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Amended Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[5]

---

[3] *See Harris*, 863 F.3d at 1143 ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

[5] Plaintiff has also been denied leave to proceed IFP, or has had his IFP status revoked pursuant to 28 U.S.C. § 1915(g), on multiple occasions in the Central and Eastern Districts of California, and those decisions have been affirmed by the Ninth Circuit Court of Appeals. *See Williams v. Villescaz, et al.*, Civil Case No. 2:15-cv-01230-CKD (E. D. Cal. Feb. 24, 2016 Order Revoking IFP as Barred by 28 U.S.C. § 1915(g)) (Doc. No. 20);

## IV. Failure to Exhaust

Finally, even if Plaintiff were entitled to proceed IFP, the Court notes that his case would nevertheless be subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) based on his admitted failure to exhaust available administrative remedies prior to the filing of his Amended Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

While the "failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears plainly on its face. *Id.* at 215;

---

*Williams v. Just*, Civil Case No. 2:15-cv-02143-WBS-CKD (E.D. Cal. Feb. 25, 2016 Order Granting Motion to Revoke IFP per § 1915(g)) (Doc. No. 23), *aff'd*, Appeal No. 16-16210 (Ninth Cir., Aug. 17, 2017) (Mem.) (Doc. No. 23-1); *Williams v. DeGeorges*, Civil Case No. 2:16-cv-00025-TLN-CKD (E.D. Cal. Feb. 24, 2016 Order Denying IFP per § 1915(g)) (Doc. No. 6), *aff'd*, Appeal No. 16-16106 (Ninth Cir., Aug. 17, 2017) (Mem.) (Doc. No. 10-1); *Williams v. Sharp*, Civil Case No. 2:15-cv-02542-GEB-KJN (E.D. Cal., July 14, 2016 Order Adopting F&R and Granting Motion to Revoke IFP as barred by 28 U.S.C. § 1915(g) (Doc. No. 16), *aff'd,* Appeal No. 16-17105 (Ninth Cir. Aug. 17, 2017) (Mem.) (Doc. No. 20-1); *Williams v. Garcia, et al.*, Civil Case No. 2:16-cv-06744-PA-KK (C.D. Cal., West. Div. Nov. 22, 2016) (Order Denying IFP as barred by § 1915(g)) (Doc. No. 9), *aff'd*, Appeal No. 16-56854 (Ninth Cir. Aug. 17, 2017) (Mem.) (Doc. No. 10-1); *Williams v. Logan, et al.*, Civil Case No. 2:15-cv-02084-MCE-AC (E.D. Cal. June 20, 2017 Order Adopting F&R and Granting Motion to Revoke IFP per § 1915(g)) (Doc. No. 21), and *Williams v. Escalante, et al.,* Civil Case No. 2:17-cv-01139-KJN (E.D. Cal. Aug. 31, 2017 Order denying IFP as barred by 28 U.S.C. § 1915(g) (Doc. No. 8).

*see also Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166.

Here, Plaintiff plainly concedes, both on the face of his FAC, and in his concurrently-filed Motion for Leave to Amend, that "administrative remedies have been filed but not exhausted." *See* Doc. No. 11 at 6; Doc. No. 9 at 1. Indeed it would appear impossible for Plaintiff to have exhausted the California Department of Corrections and Rehabilitation's multi-step administrative grievance process as to each of the claims alleged in his FAC prior to filing—for the actions challenged occurred in October and November 2017—and in the case of Count 5, on November 26, 2017, merely two weeks before Plaintiff elected to file his FAC in this Court. *See Jackson v. Fong*, 870 F.3d 928, 935 (9th Cir. 2017) (holding that 42 U.S.C. § 1997e(a)'s "[e]xhaustion requirements apply based on when a plaintiff filed the operative complaint.").

## V. Conclusion and Order

For the reasons set forth above, the Court:

1) **GRANTS** Plaintiff's Motion for Leave to Amend (Doc. No. 9);

2) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

//
//
//
//
//

10

3:17-cv-02345-MMA-JLB

4) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

5) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: January 31, 2018

HON. MICHAEL M. ANELLO
United States District Judge