UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>                             Plaintiff,<br><br>vs.<br><br>BUENOSTROME, Correctional Officer, et al.,<br><br>                            Defendants. | Case No.: 3:17-cv-02345-MMA (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**[Doc. No. 2]**<br><br>**DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

     Plaintiff Lance Williams, a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on November 18, 2017, promptly followed by an Amended Complaint ("FAC") on December 11, 2017. *See* Doc. Nos. 1, 7. Williams did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion for Leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

On January 31, 2018, the Court reviewed Williams' FAC as well as his litigation history and denied his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g). *See* Doc. No. 11. The Court identified seven prior federal civil actions and appeals filed by Williams in federal court while he was incarcerated that were dismissed as frivolous or for failing to state a claim, and further found his FAC contained no plausible allegations to suggest he faced "imminent danger of serious physical injury" at the time he filed it. *See* Doc. No. 11 at 4-6. In addition, Court noted that even if Williams were entitled to proceed IFP, he plainly admitted he failed to exhaust administrative remedies prior to filing as required by 42 U.S.C. § 1997e(a) on the face of his pleading. *See id.* at 9-10. Therefore, the Court dismissed Williams' case without prejudice based on his failure to prepay the filing fees required by 28 U.S.C. § 1914(a).

Williams appealed, and on March 18, 2019, the Ninth Circuit reversed this Court's IFP determination in an unpublished memorandum and remanded the case for further proceedings. *See Williams v. Buenostrome, et al.*, No. 18-55191, slip op. at 2 (March 18, 2019). *See* Doc. No. 16. Specifically, the circuit court found Williams' allegations that Correctional Officer Buenostrome "repeatedly assaulted him without justification, encouraged other inmates to attack him, and threatened his life," were sufficient to plausibly allege imminent danger despite the fact that Williams had been moved to a different building by the time he filed his FAC.[1] The circuit court further acknowledged that while this Court "correctly point[ed] out that Williams' failure to exhaust is clear from the face of the complaint," it was not also clear at this "early stage of the

---

[1] This Court's January 31, 2018 Order noted that "were [Williams] still housed in Building 1 at the time he filed his FAC, … and where Defendant Buenostrome [was] alleged to be assigned," it "would find [his] allegations sufficient to plausibly show he was subject to an 'imminent danger of serious physical injury,' either at Buenostrome's hands, or at those of his fellow inmates in Building 1." *See* Doc. No. 11 at 5. The Court of Appeal, however, found that despite Plaintiff's transfer to another yard, he nevertheless qualified for § 1915(g)'s exception based on Buenostrome's alleged ability to "have access to him." *See Williams v. Buenostrome, et al.*, Ninth Cir. Appeal No. 18-55191, slip op. at 2 (March 18, 2019) (Doc. No. 18 at 3). Judge Bea dissented, but did not explain the basis for that dissent. *Id.* at 5.

2

proceedings, before defendants have appeared, that administrative remedies were in fact available to Williams." *Id.* at 3. Therefore, the panel remanded the case so that "the parties may litigate whether administrative remedies were available." *Id.*

On April 9, 2019, the Ninth Circuit issued its mandate pursuant to Fed. R. App. P. 41(a). *See* Doc. No. 18. On April 10, 2019, this Court issued an Order spreading the mandate and re-opening the case for further proceedings consistent with the Ninth Circuit's judgment. *See* Doc. No. 17.

## **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Williams submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by a trust account official at RJD. *See* Doc. No. 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Williams carried no average monthly balance and had no monthly deposits to his trust account for the 6-months preceding the filing of this action. Consequently, Williams had an available balance of zero at the time of filing. *See* Doc. No. 6 at 1, 3.

Accordingly, the Court **GRANTS** Williams' Motion to Proceed IFP and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). However, the Court will direct the Acting Secretary of the CDCR, or his designee, to collect the full balance of the $350 total fee owed in this case and forward installments to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(E)(2)(B) AND 1915A(B)

A. <u>Standard of Review</u>

Because Williams is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Factual Allegations</u>

Williams claims that on October 18, 2017, Correctional Officer Buenostrome "defame[d]" him "by yelling to the entire dorm" that he was "SNY," gay, and a snitch. Doc. No. 7 at 3. Williams claims Buenostrome further said "[Y]ou guys know what to do

5

to snitches[:] cut him up and get him off the yard." *Id.* After Williams reported Buenostrome to a sergeant, he claims Buenostrome approached him, and "ma[de] threats saying he was going to have his C.I. (confidential informant) inmates attack [him]." *Id.* at 4. Williams further claims Buenostrome told him he would "plant a knife in [his] cell and send him to Corcoran Prison SHU program," and "jammed [his] shoulder and elbow into [his] sternum." *Id.*

Williams furthers claims Buenostrome repeatedly searched his cell during the months of October and November 2017, after which legal paperwork and other personal items "came up missing." *Id.* at 5. On November 1, 2017, Williams contends Buenostrome was "counseled again" to "stop his antics," and "made another threat on [Williams'] life in front of everyone." *Id.* On November 7, 2017, after he complained to a sergeant that Buenostrome had failed to supply him with a cell search receipt, Williams claims he "found a makeshift weapon tape[d] to the bottom of [his] bed," but he removed it, and "threw it in the trash." *Id.*

Two days later, on November 9, 2017, Williams claims Buenostrome "made another threat," and "call[ed] him a snitch for an previous appeal." *Id.* at 6. Williams contends Buenostrome told him he had "better withdraw it or he w[ould] make [H]annibal [L]ector look like a bitch when it comes to what he [would] do to [Williams]." *Id.* Later the same day, Williams claims Buenostrome closed a cell door on him from the control booth, which caused "severe injuries to [his] groin, back, chest, right hip, and right ankle." *Id.*

On November 14, 2017, Williams was called to medical for the injuries he sustained on November 9, 2017. *Id.* at 7. When he explained Buenostrome had closed a cell door on him and described his injuries to Defendant Steadman, a Registered Nurse, he contends she accused him of lying, told Williams Buenostrome was her friend, questioned his placement in the "EOP," threatened to "call [his] clinician," and "kicked [him] out without attending to [his] injuries." *Id.* Afterward, Williams claims Steadman falsified a medical report related to the November 9, 2017 incident. *Id.* at 8.

Finally, on November 26, 2017, Williams was interviewed by Defendant Ashbury, a RJD Lieutenant, regarding his "602 appeal on Defendant Officer Buenostrome." *Id.* at 9. Williams reported he was a "victim of [Buenostrome's] multiple acts of harassment, threats, [and] assaults," but he objected when Ashbury authorized his transfer to Building 2 on grounds that it too would be retaliatory and would "endanger [his] safety because [he] had issues with 2 officers in Building 2." *Id.* at 9-10. Williams was "moved against [his] will the next day." *Id.* at 10.

As pleaded, the Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to overcome the "low threshold" set for *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("To prove a violation of the Eighth Amendment a plaintiff must 'objectively show that he was deprived of something "sufficiently serious," and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety.'" (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (labeling prisoner a "snitch" in the presence of other inmates is sufficient to state a claim of deliberate indifference to an inmate's safety); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal.").

Accordingly, the Court will direct the U.S. Marshal to effect service of summons and Williams' FAC on his behalf.[3] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Amended Complaint (Doc. No. 7) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with

---

[3] Williams is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). And despite Williams' concession that he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to suing, *see* FAC, Doc. No. 7 at 11, Defendants must file a motion for summary judgment should they wish to defend on this basis. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014).

certified copies of this Order, his Amended Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Amended Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6. **ORDERS** Defendants, once served, to reply to Plaintiff's Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

DATE: April 15, 2019

HON. MICHAEL M. ANELLO
United States District Judge