UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                              Plaintiff,<br><br>v.<br><br>BUENROSTRO, et al.,<br><br>                              Defendants. | Case No. 17cv2345-MMA (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS**<br><br>[Doc. No. 49] |

Plaintiff Lance Williams, a California prisoner proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), brought this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged various violations of his First, Eighth, and Fourteenth Amendment rights by correctional officers at R. J. Donovan Correctional Facility in San Diego, California. Defendants moved for summary judgment as to all claims. *See* Doc. No. 33. The Court granted Defendants' motion and entered judgment accordingly. *See* Doc. Nos. 38, 39. Thereafter, Defendants submitted a bill of costs seeking reimbursement for the cost of deposing Plaintiff. *See* Doc. No. 40. The Clerk of Court awarded Defendants the full amount of $1148.70, over Plaintiff's objection. *See* Doc. Nos. 46, 48. Plaintiff now moves to retax costs pursuant to Federal Rule of Civil Procedure 54(d). *See* Doc. No. 49. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

1

## DISCUSSION

As a matter of course, the prevailing party in civil litigation is entitled to costs. *See* Fed. R. Civ. P. 54(d)(1). Despite Plaintiff's IFP status, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ." 28 U.S.C. § 1915(f)(1). Section 1915(f)(2)(A) provides that "[i]f the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered." *Id.* Accordingly, "[o]nce costs are awarded, a prisoner cannot avoid responsibility based on indigence." *Janoe v. Stone*, No. 06-CV-1511-JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9, 2012).

Costs are limited to those sets forth in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442–43 (1987). Section 1920 permits the prevailing party to recover costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Furthermore, this District's Civil Local Rules provide for the recovery of costs for copies of "both video and stenographic depositions," so long as "it could reasonably be expected the deposition would be used for trial preparation." CivLR 54.1(b)(3). Here, Defendants clearly deposed Plaintiff for the purpose of trial preparation. Defendants introduced Plaintiff's deposition testimony into evidence in support of their motion for summary judgment. *See id.* ("Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."). And the cost associated therewith is minimal considering the nature and duration of this litigation.

The award of costs, however, is ultimately a matter within the court's discretion. *See Ass'n of Mexican-American Educators v. Calif.*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). In determining whether the award of costs is appropriate in the context of a losing civil rights plaintiff's motion, the court should consider: (1) the plaintiff's limited financial

resources, and (2) the chilling effect on future civil rights litigants of imposing high costs. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Plaintiff invokes his disabled status and indicates that he has no means to pay the award. As to the latter concern, payment of costs will be in monthly installments equaling "20 percent of the preceding month's income credited to the prisoner's account," so long as the balance before the monthly deduction is greater than $10. *See* 28 U.S.C. § 1915(b)(2), (f)(2)(B). The Court is satisfied that this procedure "will ensure that Plaintiff is not completely stripped of the means to meet his basic needs." *Duvigneaud v. Garcia*, No. 04CV580 BTMWMC, 2007 WL 2009800, at *2 (S.D. Cal. July 5, 2007). As to the former concern, Plaintiff's disabilities do not automatically exempt him from the payment of costs and the Court declines to exercise its discretion to retax costs on this basis. Despite Plaintiff's disabilities, he has proven himself a competent litigator and otherwise fails to demonstrate why the balance of equities disfavor an award of costs in this action. Neither has Plaintiff demonstrated how the costs awarded in this case would have a chilling effect on potential civil rights plaintiffs.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to retax costs.

**IT IS SO ORDERED**.

DATED: May 27, 2020

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge

3